RichardsoN, J.
delivered the opinion of the Court.
In February, 1843, John J. Pitts confessed a judgment to Wm. H. Bowen for $300 ; and Bowen, on the 15th April, 1843, transferred the judgment against Pitts to A. Garden for value received. This transfer was made with the knowledge of Bell; and Bell received from Garden a negro, which was part of the consideration paid by Garden for the transfer of the_judgment. On the same 15th April, 1843, Bowen and Bell gave the bond to indemnify Pitts against the judgment, which had been so assigned to Garden. On the 27th Feb’y. 1846, Pitts took of Bowen a receipt in full against the judgment, as if Bowen still held it; at the same time, Pitts gave Bowen a receipt- against his and Bell’s bond. These reciprocal receipts were evidently the consideration, each for the other — i.e.'Bowen and Pitts simply exchanged paper receipts.
Accordingly, Garden, the assignee, collected, as he had a right to do, the amount of the judgment from the administrator of Pitts. Upon this payment to Garden the administrator of Pitts sued Bell upon the bond, to recover the indemnification promised. These are the facts of the case, and such the respective conduct of Pitts, Bowen and Bell. Upon the justice and merits of this action by Pitts’ administrator for the stipulated indemnity, there can be no dispute. The receipt of Pitts to Bowen was merely formal, i. e. in consideration of Bowen’s receipt against a judgment that belonged to Garden, and over which Bowen had no control; or else, it was a fraud upon Pitts. Bowen in his evidence excuses himself for passing such receipt, i. e., he wanted time to collect the money to indemnify Pitts. Bowen explained the transaction to Bell, and gave him Pitts’ receipt. But Bell now sets up the receipt as a full discharge of the bond. Under such circumstances, the judge properly charged the jury, that if there *260 was either a fraud upon Pitts by Bowen, in obtaining the receipt against the bond, or if the receipt of Pitts was without '’any consideration, it was worthless. I need scarcely observe, that all receipts are explainable by parol; and Bowen candidly explains those in question to have been given — the one for the other, for the purpose of gaining time and money to pay Pitts.
9 Cow. Rep 401.
In explaining a receipt the true rule was well laid down in one of the cases cited, by appellant’s counsel, from Crittenden ads. Fuller, to wit: “ That such circumstances as would lead a Court of Equity — as fraud, mistake or surprise — may be shewn, at law, to destroy the effect of a receipt.”
With such real facts and such unreal receipts, how could, there be any other verdict than for the plaintiff?
We have now disposed of the merits of the case, and come to the point of pleading, made in the 7th plea of defendant. The defendant Bell pleaded the receipt of Pitts in discharge of the bond. To this plea in bar, the plaintiff demurred, and the Court overruled the demurrer. This was an error against the plaintiff; but he had leave to file a replication in fact; and he replied fraud and covin in obtaining the receipt, and the defendant joined issue on this replication. The right of so replying is objected to, i. e. after a general demurrer. But the counsel did not press this point, and I will not enter upon the distinction between the cases, where the party demurring and having his demurrer overruled, is still allowed to answer over, or not, upon the facts alleged. This is not necessary— because in this case the overruling the plaintiff’s demurrer, but allowing him to reply, left the alleged receipt to stand upon its own import and merits, as a receipt j and the plaintiff had a right to prove the fraud and covin in his reply in evidence to the receipt, as well as to any other part of the defence — in the same manner as if the plaintiff’s demurrer had been sustained. For illustration. — Suppose on the other hand, the demurrer had been sustained, would.not the defendant have been still at liberty to prove the receipt? — which, although not a discharge of the bond, might still go for what it was worth. Under the plea of payment he surely might have done so — because the factum and body of the receipt would have still remained to prove satisfaction, under the plea of payment.
This seventh plea, then, together with the replication, left the case and defence as they would have stood if the demurrer had been supported. But it is clear that the demurrer ought to have been supported; because the receipt not being under seal could be no legal bar to the recovery on the bond, although it would still stand as evidence of payment. Thus, then, it- is evident that, although overruling the plaintiff’s demurrer was an error, yet it was in favor of the defen *261 dant; and permitting the plaintiff to answer over to the fact of the receipt, placed the defendant in his proper position under the receipt, and took nothing from his rights.
It is always allowable for tho appellee to shew that the final result and consequence of an error against himself have eventuated in no wrong to the rights of the appellant; and he, therefore, in such a case, has no cause of complaint.
In a word, the Court ought to have sustained the plaintiff’s demurrer; but allowed the defendant to prove the receipt, subject to the proof of fraud. And by overruling the plaintiff’s demurrer, but suffering his reply of fraud, this end was obtained.
The appeal is dismissed.
The whole Court concurred.

Motion refused.